

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2002

# Monahan v. Wilmington

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Monahan v. Wilmington" (2002). *2002 Decisions*. Paper 662.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/662

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 01-3108 / 01-4139

THOMAS B. MONAHAN; MAYNA SANTIAGO;
DANNY SILVA; ANDREA JANVIER, All
Other Similarly Situated Employees
of the Wilmington Police Department

Appellants

v.

CITY OF WILMINGTON, a political subdivision
of the State of Delaware; GILBERT HOWELL,
Captain, Individually and in his official
capacity; JAMES STALLINGS, Inspector, Individually
and in his official capacity; MICHAEL BOYKIN, Chief,
Individually and in his official capacity;
CORPORATE BLACK EMPLOYEES NETWORK, an unincorporated
association; LINDA MORRIS; LYNN TUCKER-KING

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 00-cv-00505)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2002

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Opinion filed: October 18, 2002)

---

OPINION

---

AMBRO, <u>Circuit Judge</u>

The named plaintiffs in this case – Thomas B. Monahan, Mayna Santiago, Danny Silva, and Andrea Janvier – sought certification pursuant to Fed. R. Civ. P. 23 of a class composed of all current and former similarly-situated non-African-American employees of the Wilmington Police Department ("Police Department"). The plaintiffs alleged violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986 and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, as well as breach of contract, by the City of Wilmington, Police Chief Michael Boykin, Inspector James Stallings, and Captain Gilbert Howell, and Corporate Black Employees Network ("CBEN") and its representatives – Linda Morris and Lynn Tucker-King.

The plaintiffs allege that the Police Department engaged in a pattern and practice of discrimination against its non-African-American employees in its decisions regarding promotions, overtime job assignments, patrol assignments, and detective unit assignments. The alleged act of discrimination on which the plaintiffs focus most of their attention involves a four-day conference held in Wilmington by CBEN. According to the Complaint, Captain Howell, at the request of Ms. Morris and/or Ms. Tucker-King, assigned only African-American officers to work as security at the conference, and Chief Boykin authorized the use of City funds to pay the officers overtime for that work.

Without addressing the merits of the case, the District Court denied the motion for class

2

certification. The Court held that the putative class did not satisfy the numerosity requirement of Fed. R. Civ. Proc. 23(a) and, alternatively, that the common issues in the case do not predominate over the individual issues, as required for certification of a class pursuant to Rule 23(b)(3). The plaintiffs appealed.[1] We affirm the District Court's decision on the latter ground and do not reach the numerosity issue.

## DISCUSSION

We review for an abuse of discretion a district court's denial of a motion for class certification. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 136 (3d Cir. 2000).

In order to qualify for class certification, a proposed class must meet all of the requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and the case must fit into one of the categories of actions set forth in Rule 23(b)(1), (b)(2) or (b)(3). *In re LifeUSA Holding Inc.*, 242 F.3d 136, 143 (3d Cir. 2001). The plaintiffs here do not argue that their case comes under Rule 23(b)(1) or (2). We must consider, therefore, only whether the District Court abused its discretion in concluding that the case does not qualify as a Rule 23(b)(3) class action.

Rule 23(b)(3) permits certification of a class only if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members . . . ." R. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether the class is sufficiently cohesive to warrant adjudication by representation, and mandates that it is far more demanding than the Rule 23(a)(2) commonality requirement." *LifeUSA*, 242 F.3d at 144 (citing

---

[1] On October 30, 2001, this Court granted the plaintiffs' petition for permission to appeal pursuant to Rule 23(f).

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)).

The plaintiffs correctly contend that the members of the proposed class share in common the issue whether the Police Department engaged in a pattern or practice of discrimination and "that racial discrimination is by definition class discrimination." *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982). "But the allegation that such discrimination has occurred neither determines whether a class action may be maintained in accordance with Rule 23 nor defines the class that may be certified." *Id.*

In this case, questions as to whether an individual plaintiff suffered discrimination by the Police Department and, if so, whether the discrimination against that plaintiff encompassed promotions and overtime, patrol, and detective unit assignments, raise issues pertaining only to individuals. Here, for example, would be questions of the particular plaintiff's interest in working overtime and his or her qualifications for certain promotions or assignments. As the District Court explained:

> While differences in potential damage awards may be insufficient to deny class certification in this case, given the variety of claims raised by Plaintiffs, the Court's analysis of any alleged discrimination and its impact will be fact intensive and specific to each Plaintiff.

App. at 15.

We agree. *See* Rule 23(b)(3) Advisory Committee Note.[2] Accordingly, the District Court

_____

[2] The Note states:

> [A] fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class. On the other hand, although having some common core, a fraud case may be unsuited

4

acted within its discretion in holding that the common issues of fact and law do not predominate over

the numerous issues relating only to individual plaintiffs.[3]

CONCLUSION

Because common issues of fact and law do not predominate, the plaintiffs have failed to show

that the putative class met the requirements of Rule 23(b)(3), the only category of Rule 23(b) class

actions within which the putative action allegedly fell.  The decision of the District Court is therefore

affirmed.

---

> for treatment as a class action if there was material variation in the
> representations made or in the kinds or degrees of reliance by the persons to
> whom they were addressed.

*Id.*

[3] The fact that eight of the 120 members of the proposed class allegedly fear retaliation
for bringing individual lawsuits does not change the predominance balance. *Cf. LifeUSA*,
242 F.3d at 148 n.13 ("Although plaintiffs' claims are relatively modest and separate suits
may be impracticable, . . . that factor by itself is insufficient to overcome the hurdles of
predominance and superiority . . . which Rule 23(b) requires.") (internal citation omitted).

---

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

_____

Circuit Judge